**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

v.

JONATHAN FERNANDES,

        Defendant.



**REPORT AND**
**RECOMMENDATION**
14-CR-6043

### Preliminary Statement

By Order of Judge Elizabeth A. Wolford, dated April 4, 2014, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 11). On April 3, 2014, defendant Jonathan Fernandes was indicted on thirteen counts involving manufacture, possession, and distribution of methamphetamines, as well as maintaining a drug related premises and possessing a firearm in furtherance of drug trafficking crimes. See Indictment (Docket # 10).

On August 7, 2014, the Court heard oral argument as to the defendant's omnibus motions. (Docket # 23). The Court addressed and decided the defendant's motions (1) to dismiss counts four and eight of the indictment, (2) to suppress search warrants and identification of witnesses, (3) for a bill of particulars, (4) for discovery and inspection, and (5) for disclosure of witness statements. This Report and Recommendation is issued to confirm the oral rulings the Court made as to those motions seeking dispositive relief.

## Discussion

I. Motion to Dismiss Counts Four and Eight: It is my Report and Recommendation that this motion be **denied**. As to count four, there is no requirement that the government identify a specific firearm in order to charge a violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Patino, 962 F.2d 263, 266 (2d Cir. 1992); Pressley v. United States, No. 08-CV-695 (NGG), 2010 WL 4941478, at *3 (E.D.N.Y. Nov. 30, 2010) (stating that "specific type of firearm is not an element of violation under 18 U.S.C. § 924(c)(1)(A)"). The government has disclosed that these two counts are based on information obtained by confidential informants who observed a "wall of firearms" in the defendant's home during drug sales allegedly conducted by the defendant from his home on December 14, 2012 and December 19, 2012. Multiple firearms were found in the defendant's home (see Exhibit "A" annexed to Affirmation of Robert G. Smith, Esq. (Docket # 23)), and these weapons are available for the defense to inspect and test. Therefore, the indictment satisfies Rule 7 of the Federal Rules of Criminal Procedure.

II. Motion to Suppress Search Warrants: Two searches were conducted by law enforcement of 7112 State Road in Savona, New York. The defendant has now filed a signed affidavit delineating his expectation of privacy in the searched premises, and the government has withdrawn its objection to his standing to contest the searches. As to the merits of the defendant's motion

challenging the warrants, I find ample probable cause set forth in the supporting affidavits. With respect to the defendant's motion for a hearing pursuant to Franks v. Delaware, 468 U.S. 878 (1984), I find the defendant's evidentiary showing insufficient to justify a further inquiry at this juncture. As discussed during the hearing, the "guest check" evidence (see Exhibit "E" annexed to Affirmation of Robert G. Smith, Esq. (Docket # 23)) is not an affidavit and is difficult to decipher. Defense counsel has indicated to the court that the "guest check" evidence might be supplemented at some future date with a more complete affidavit, and counsel is free to continue his investigation.[1] However, the evidence before the Court is clearly insufficient to meet the defendant's burden under Franks of making a preliminary showing that a material false statement was included in the warrant affidavit. See United States v. Wapnick, 60 F.3d 948, 955 (2d Cir. 1995) ("In order to challenge successfully a search warrant based on an attack on the allegations in a supporting affidavit, a defendant must show by a preponderance of the evidence that the affidavit contained false statements that were material on the issue of probable cause."). Accordingly, it is my Report and Recommendation that the defendant's motion to suppress be **denied** without prejudice.

---

[1] The government indicated that it is conducting its own independent investigation into the creation of the "guest check" evidence.

3

III. Motion to Suppress Identification Testimony: The defendant has also moved to suppress the results of two photograph identification procedures conducted by the government. The government has represented that it does not intend to introduce the identifications made during the challenged procedures, instead relying on the witnesses' ability to make an in-court identification because each witness had a "personal relationship" with the defendant. See Government's Response in Opposition (Docket # 24) at 22. Given that the identifying witnesses are confidential informants, the parties agree that it is more efficient for the trial judge to determine whether each informant has an independent basis to know and identify the defendant. Accordingly, consistent with past practice in this district, at least **thirty (30) days** prior to trial the government shall provide to the defendant and the trial judge an affidavit describing in detail the "personal relationship" each witness had with the defendant. The trial judge shall thereafter be in a position to make an informed determination whether that relationship is sufficient to allow an in-court identification of the defendant by each witness.

**SO ORDERED.**

/s/ Jonathan W. Feldman<br>
JONATHAN W. FELDMAN<br>
United States Magistrate Judge

Dated:   August 12, 2014
         Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

                                                   /s/ Jonathan W. Feldman
                                                    JONATHAN W. FELDMAN
                                        United States Magistrate Judge

Dated:     August 12, 2014
            Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).