UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                               **DECISION AND ORDER**

JONATHAN FERNANDES,                              14-CR-06043 EAW

Defendant.

## BACKGROUND

Defendant Jonathan Fernandes ("Defendant") is charged with a 13-count indictment alleging numerous drug and drug-related crimes in connection with his alleged manufacture and distribution of methamphetamine. (Dkt. 10). By text order dated April 4, 2014, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. 11).

Count one of the indictment alleges manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); count two alleges possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); counts three, seven, and eleven allege maintaining a drug related premises, in violation of 21 U.S.C. § 856(a)(1); counts four, eight, and twelve allege possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); count five alleges possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); counts six and ten allege possession of materials used to manufacture a controlled substance, in violation of 21

U.S.C. §§ 843(a)(6) and (d)(2); count nine alleges possession of a listed chemical with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(1); and count thirteen alleges possession of a controlled substance, in violation of 21 U.S.C. § 844(a).  (Dkt. 10).

After reviewing the parties' original pretrial motion submissions (Dkt. 23 and 24), Judge Feldman's Report and Recommendation (Dkt. 26), and Defendant's objection to the Report and Recommendation (Dkt. 28), the Court adopts the Report and Recommendation in its entirety.

## PROCEDURAL HISTORY

On July 11, 2014, Defendant filed a pretrial motion, requesting the following forms of relief: (1) production of a bill of particulars; (2) suppression of search warrants and identification of witnesses; (3) discovery and inspection; (4) disclosure of witness statements; (5) dismissal of counts four and eight of the indictment; (6) release of *Brady* materials; (7) reciprocal discovery; (8) preservation of rough notes; (9) disclosure under Fed. R. Evid. 609; (10) disclosure under Fed. R. Evid. 608; (11) and disclosure under Fed. R. Evid. 404(b).  (Dkt. 23).

After receiving submissions from the parties, on August 7, 2014, Judge Feldman heard oral argument as to Defendant's omnibus motions. (Dkt. 26 at 1).  Judge Feldman addressed and decided Defendant's motions to dismiss counts four and eight of the indictment, to suppress search warrants and identification of witnesses, for a bill of particulars, for discovery and inspection, and for disclosure of witness statements.  (*Id.*). As to the dispositive motions filed by Defendant, Judge Feldman recommended denial of

Defendant's motion to dismiss counts four and eight of the indictment, denial of Defendant's motion to suppress search warrants, and denial of Defendant's motion to suppress identification testimony. (*Id.*).

On August 12, 2014, Judge Feldman issued a written Report and Recommendation confirming the oral rulings made as to Defendant's motions seeking dispositive relief. (Dkt. 26).  On August 26, 2014, Defendant filed an objection to the portion of Judge Feldman's Report and Recommendation denying Defendant's request for a *Franks* hearing so as to challenge the validity of statements made in one or more of the warrant applications to obtain a search warrant for Defendant's residence.  (Dkt. 28).

## DISCUSSION

### I.     Legal Standard

A district court reviews any specific objections to a report and recommendation under a *de novo* standard.  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  To trigger the *de novo* review standard, objections to a report "'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  Following review of the report and recommendation, the district judge "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *Male Juvenile*, 121 F.3d at 38 ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

## II.     Defendant is Not Entitled to a *Franks* Hearing

Defendant objects to the portion of Judge Feldman's Report and Recommendation denying his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (Dkt. 28 at 1-2).   Specifically, Defendant argues that he is entitled to a *Franks* hearing because there is evidence that one or more of the search warrant applications submitted to obtain a search warrant for his residence contained the false statement that one of the Government's confidential informants, Samuel Hackett, wore a wire and purchased methamphetamine from Defendant.  (*Id.* at 3).  In support of this contention, Defendant offers what has been referred to as the "guest check" evidence, and is attached as Exhibit E to Defendant's original motion. (Dkt. 23-1 at 84-85).    The guest check evidence is a restaurant receipt containing a hand-written note, allegedly by Mr. Hackett, that he "never wore a wire on John Fernandez."  The guest check is dated June 20, 2014, and purports to be signed by Mr. Hackett.   The guest check also contains two other statements, "No threts Just Questions" and "never bought meth ever".  (*Id.* at 85).  It also contains the signature of another individual.  (*Id.*).

Judge Feldman found that the guest check evidence was "not an affidavit and is difficult to decipher," and "clearly insufficient to meet the defendant's burden under Franks of making a preliminary showing that a material false statement was included in the warrant affidavit." (Dkt. 26 at 3). Judge Feldman denied the motion without prejudice, noting that Defendant was free to continue his investigation into the guest check evidence and supplement the same at some point in the future, with a more complete affidavit. (*Id.*).

Pursuant to *Franks v. Delaware*, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56. To be entitled to a *Franks* hearing, the defendant's attack on material contained in the search warrant:

> must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactory explained. Allegations of negligence or innocent mistake are insufficient.

*Id.* at 171. Therefore, "[t]o invoke the Franks rule, a defendant is required to show: (1) 'that there were intentional and material misrepresentations or omissions' in the warrant affidavit, and (2) that the 'alleged falsehoods or omissions were necessary to the  . . .

- 5 -

probable cause finding.'"  *United States v. Mandell*, 752 F.3d 544, 552 (2d Cir. 2014) (quoting *United States v. Awadallah*, 349 F.3d 42, 65 (2d Cir. 2003)).   Notably, "there is . . . a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171.

In the event a defendant is successful in obtaining a *Franks* hearing, "[i]n order to challenge successfully a search warrant based on an attack on the allegations in a supporting affidavit, a defendant must show by a preponderance of the evidence that the affidavit contained false statements that were material on the issue of probable cause." *United States v. Wapnick*, 60 F.3d 948, 955 (2d Cir. 1995) (internal quotations and citation omitted); *see also United States v. Lahey*, 967 F. Supp. 2d 698, 709 (S.D.N.Y. 2013) ("To require suppression, a movant must demonstrate, by a preponderance of the evidence, both the affiant's *intent* to mislead the issuing judge and the *materiality* of the affiant's falsehoods or omissions.") (emphasis in original).

In his objections filed to Judge Feldman's Report and Recommendation, Defendant argues that the guest check evidence "can be read to say that Samuel Hackett never wore a wire on Jonathan Fernandes and never bought methamphetamine, ever.  In the search warrant application, Samuel Hackett, according to the government CI#1, wore a wire and purchased methamphetamine from Jonathan Fernandes.  The inconsistencies between the above two statements are obvious." (Dkt. 28 at 3).

The standard for entitlement to a *Franks* hearing is high, *see Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991), and requires a "substantial preliminary showing" that a false statement was knowingly and intentionally, or with reckless

disregard for the truth, included in the affidavit for the search warrant. *Franks*, 348 U.S. at 155-56; *see also United States v. Mandell*, 710 F. Supp. 2d 368, 372 (S.D.N.Y. 2010) ("Hearings under Franks are not freely granted."). Defendant has submitted the guest check evidence with no attached affidavit explaining its context or origin. Similarly, as noted by Judge Feldman, the guest check is difficult to decipher. At this point, Defendant has not satisfied his burden of making a substantial preliminary showing that he is entitled to a *Franks* hearing. *See United States v. Orozco-Prada*, 732 F.2d 1076, 1089 (2d Cir. 1984) (affirming denial of *Franks* hearing on grounds that defendant "made no offer of proof and did not submit a sworn or otherwise reliable statement of a witness."); *United States v. Dupree*, 781 F. Supp. 2d 115, 144-46 (E.D.N.Y. 2011) (denying defendants' request for a *Franks* hearing where the defendants' assertions were not supported by an offer of proof, such as an affidavit from a witness with personal knowledge or an otherwise reliable witness statement, because the defendants did not set forth any legal support for their contention that an omission from the warrant application required a *Franks* hearing); *United States v. Taylor*, 672 F. Supp. 2d 539, 540-41 (S.D.N.Y. 2009) (denying defendant's request for a *Franks* hearing where his initial *Franks* showing consisted of a "sparse, half-page affidavit and [an] . . . assertion in a memorandum of law" to demonstrate recklessness by the FBI agent issuing the search warrant for the defendant's apartment).

Therefore, the Court adopts Judge Feldman's Report and Recommendation denying without prejudice Defendant's motion for a *Franks* hearing. If Defendant is able to submit an affidavit or other materials supplementing the guest check at some point in

the future, the Court may reconsider Defendant's motion for a *Franks* hearing at that time.

### III.   The Court Adopts Judge Feldman's Report and Recommendation on the Dispositive Issues to Which Defendant Did Not Object.

The Court also adopts Judge Feldman's Report and Recommendation as to Defendant's motions to dismiss counts four and eight of the indictment and to suppress identification testimony and search warrants. Because Defendant does not object to these portions of the Report and Recommendation, the Court need not make a *de novo* determination. *Male Juvenile*, 121 F.3d at 38.

### A.   Defendant's Motion to Dismiss Counts Four and Eight of the Indictment is Denied.

Defendant moved to dismiss counts four and eight of the indictment charging Defendant with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), because the indictment does not identify the specific firearms that are the subject of those charges. (Dkt. 23 at 5-6). Judge Feldman denied the motion on the ground that there is no requirement that the Government identify a specific firearm to charge a violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. 26 at 2).

"[T]he specific type of firearm is not an element of a violation under 18 U.S.C. § 924(c)(1)(A)." *Pressley v. United States*, No. 08-CV-695, 2010 U.S. Dist. LEXIS 125993, at *7 (E.D.N.Y. Nov. 30, 2010); *see also John v. United States*, No. 11 Civ. 1090 (GBD), 2012 U.S. Dist. LEXIS 143259, at *3 (S.D.N.Y. Sept. 28, 2012). Therefore, the Court adopts Judge Feldman's Report and Recommendation as to this

issue, and Defendant's motion to dismiss counts four and eight of the indictment is denied.

## B.     Defendant's Motion to Suppress Identification Testimony

Defendant also moved to suppress identification testimony pertaining to the results of two photograph identification procedures conducted by the Government because "the identification procedures employed were the use of only a single photograph of Jonathan Fernandes that was shown to important, yet unidentified, witnesses." (Dkt. 23 at 15-18). Defendant contends that the identification was therefore "unduly suggestive" and "inherently unreliable." (*Id.* at 16).   In its response to Defendant's motion, the Government represented that it does not intend to introduce the identifications made by the unidentified witnesses during the challenged procedures, but intends to rely on the witnesses' ability to make an in-court identification, because each witness had a personal relationship with Defendant.  (Dkt. 24 at 21-23).

Because the witnesses are confidential informants, the parties agreed to have the trial judge determine whether each informant has an independent basis to know and identify Defendant.  Judge Feldman directed the Government to provide Defendant and the undersigned with an affidavit describing the "personal relationship" each witness had with Defendant, at least 30 days before trial.  (Dkt. 26 at 4).   The Court adopts Judge Feldman's Report and Recommendation in this regard.  The Government is directed to provide the Court and Defendant with affidavits describing the personal relationship each witness had with Defendant, at least thirty days before trial.

### C.    Defendant's Motion to Suppress Search Warrants is Denied.

Defendant also sought suppression of search warrants relating to two searches conducted by law enforcement at Defendant's home because they were lacking in probable cause.  (Dkt. 23 at 11-15).  Judge Feldman found "ample probable cause" set forth in the supporting affidavits.  (Dkt. 26 at 2-3).

The issuance of a search warrant must be supported by probable cause.  U.S. Const. amend. IV; *see also United States v. Salameh*, 152 F.3d 88, 112-13 (2d Cir. 1998); *United States v. Young*, 13CR134S, 2014 U.S. Dist. LEXIS 121325, at *13-14 (W.D.N.Y. Aug. 29, 2014).  Specifically, "[i]n the warrant context, '[p]robable cause is a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . , including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Howe*, 545 F. App'x 64, 66 (2d Cir. 2013) (quoting *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000)).

The Court finds that the warrant applications support a finding of probable cause that Defendant was involved in a significant drug operation.  The search warrants are supported by affidavits of law enforcement officials with training in investigation and identification of controlled substances, who opined that Defendant was manufacturing, distributing, and possessing methamphetamine at his residence.  (Dkt. 23-1 at 10-23; 43-57; 64-77).  The affidavits also are supported by testimony from confidential informants, who know Defendant personally, claim to have purchased drugs from Defendant previously, and observed drugs and firearms at his residence.  (*Id.* at 26-34 and 80-81).

- 10 -

"[I]t is well settled in this Circuit that an agent's expert opinion that his experience 'taught him that major drug traffickers frequently maintain at their homes [evidence of the crime]' is an 'important factor' in determining whether probable cause exists." *United States v. Davidson*, No. 10-CR-6213-FPG, 2013 U.S. Dist. LEXIS 124713, at *6-7 (W.D.N.Y. Aug. 30, 2013) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)) (second alteration in original).

Probable cause determinations are frequently upheld in situations where a law enforcement officer provides an expert opinion that drug traffickers often maintain evidence of their crimes at their residences. *See Fama*, 758 F.2d at 838 ("an agent's expert opinion is an important factor to be considered by the judge reviewing a warrant application."); *United States v. Jackson*, 493 F. Supp. 2d 592, 609-10 (W.D.N.Y. 2006), *adopted by* 493 F. Supp. 2d 592 (W.D.N.Y. 2006) (DEA agent's experience and participation in narcotics investigations supported probable cause determination underlying warrant application for the defendant's residence); *United States v. Mullen*, 451 F. Supp. 2d 509, 542-43 (W.D.N.Y. 2006), *adopted by* 451 F. Supp. 2d 509 (W.D.N.Y. 2006) (although agent had no specific information connecting the drugs at issue to the defendant's residence, the search warrant was supported by probable cause because based on agent's experience and participation in narcotics investigations, dealers maintain evidence of their crimes at their residences); *United States v. Dillon*, 810 F. Supp. 57, 62 (W.D.N.Y. 1992), *adopted by* 810 F. Supp. 57 (W.D.N.Y. 1992) (court found evidence uncovered by a canine sniff at the Buffalo airport and magistrate judge's reliance on Buffalo police officer's six-year experience as a DEA agent reasonable to

support probable cause determination underlying warrant application for the defendant's residence).

Accordingly, the Court finds that the search warrant applications were supported by probable cause, and adopts Judge Feldman's Report and Recommendation in this respect. Defendant's motion to suppress the search warrants is denied.

## CONCLUSION

For the foregoing reasons, I accept and adopt the Report and Recommendation filed by Judge Feldman on August 12, 2014, in its entirety. Defendant's motion for a *Franks* hearing is denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       September 25, 2014
             Rochester, New York