**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

        v.

JONATHAN FERNANDES,

            Defendant.

**REPORT AND**
**RECOMMENDATION**
14-CR-6043

By Order of Judge Elizabeth A. Wolford, dated April 4, 2014, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 11). Defendant Jonathan Fernandes has been charged with fourteen counts related to manufacture, possession, and distribution of methamphetamine; possession of firearms in furtherance of drug trafficking crimes; possession of marijuana; and witness tampering. See Superseding Indictment (Docket # 41). Currently pending before the Court is defendant's Motion to Sever (Docket # 63). In the motion, defendant stated that his need to testify on thirteen of the fourteen counts alleged against him, and the need to refrain from testifying on the fourteenth count, justified his request to sever the witness tampering count from the trial on the drug offense charges. See id. at ¶¶ 4-5. This Report and Recommendation is issued to confirm the oral ruling the Court made as to the motion.

In United States v. Werner, 620 F.2d 922, 929-30 (2d Cir. 1980), this Circuit recognized that judicial economy favored the joinder of counts despite a potential adverse effect on the defendant. Werner made clear that "a mere unexplicated assertion" of prejudice in a joint trial

is not enough. Id. at 930. The court expanded on this requirement in United States v. Sampson, 385 F.3d 183, 191 (2d Cir. 2004), stating:

> [I]t is essential that the defendant present enough information — regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other — to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

Accordingly, the Court ordered the defendant to submit a supplemental affidavit describing his potential testimony regarding the first thirteen counts of the indictment and his need to refrain from testifying on the last count. Defendant declined to submit further information, instead relying on his earlier motion papers which simply stated that he "has a need to testify in Counts 1 through 13" and "has a strong need to refrain from testifying on Count 14." See Motion to Sever (Docket # 63) at ¶ 5. These statements do not describe the nature of defendant's testimony or the reasons for declining to testify on the last count. Therefore, based on the defendant's failure to articulate reasons why the severance of counts is necessary, defendant's Motion to Sever (Docket # 63) is **denied.**

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   April 14, 2015
         Rochester, New York

2

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    April 14, 2015
          Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).

3